**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALBERT MOODY, JR., | : | |
| | : | Civil Action No. 10-6735 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ADINA THOMAS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Albert Moody, Jr.
Camden County Correctional Facility
Camden, NJ  08101

**BUMB**, District Judge

    Plaintiff Albert Moody, Jr., a prisoner confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, 1985, and 1988, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that Defendants Adina L. Thomas, Leonard Thomas, and Monzetta Thomas stole business equipment from him. The defendants are described as individuals residing in Camden, New Jersey.[1]

Plaintiff seeks $58,000.00 in damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

---

[1] Defendant Leonard Thomas is described, also, as a postal worker, although the alleged thefts are not described as being related, in any way, to Leonard Thomas's employment.

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

5

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.   ANALYSIS

A.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff has alleged that three individuals stole business equipment from him. Plaintiff has alleged no facts

6

suggesting that this alleged deprivation was committed or caused by persons acting under color of state law.

As an initial matter, the actions of the defendants are not alleged to be related to any employment with any governmental entity. Secondly, private parties may be liable under § 1983 only when they have acted under color of state law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966)); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private person or entity can be sued under § 1983 only where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State," Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

Here, Plaintiff has alleged no facts that would suggest that he was deprived of property by persons acting under color of state law.  Accordingly, he has failed to state a claim under § 1983.

B.   42 U.S.C. § 1985

Title 42 U.S.C. section 1985 consists of three subsections dealing with various conspiracies to interfere with civil rights. Subsection (1) provides a remedy, generally if two or more persons conspire to prevent any person from accepting or holding any office, trust, or place of confidence under the United States or otherwise to prevent a federal officer from performing his duties; subsection (2) provides a remedy, generally, if two or

more persons conspire to deter, by force, intimidation, or threat, any party, witness, or juror in any court of the United States;  subsection (3) provides a remedy, generally, if two or more persons conspire or go on the premises of another, "for the purpose of depriving, either directly or indirectly, any person ... of the equal protection of the laws, or of equal privileges and immunities under the laws... ."  Only subsection (3) is arguably implicated by the facts asserted here.

> In general, the conspiracy provision of § 1985(3) provides a cause of action under rather limited circumstances against both private and state actors. In order successfully to bring an action under § 1985(3) for private conspiracy, a plaintiff must show, <u>inter alia</u>, "(a) that a racial or other class invidious discriminatory animus lay behind the coconspirators' actions, (b) that the coconspirators intended to deprive the victim of a right guaranteed by the Constitution against private impairment, and (c) that that right was consciously targeted and not just incidentally affected."  In order to prevent the use of § 1985(3) as a general federal tort law, courts have been careful to limit causes of action thereunder to conspiracies that deprive persons of constitutionally protected rights, privileges and immunities "that are protected against private, as well as official encroachment."
>
> It is well established that § 1985(3) does not itself create any substantive rights; rather it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere. Moreover, in the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel.

<u>Brown v. Phillip Morris Inc.</u>, 250 F.3d 789, 805 (3d Cir. 2001) (citations omitted).

Here, Plaintiff complains of an ordinary deprivation of property, not a constitutional right protected against private encroachment. Moreover, Plaintiff has pleaded no facts suggesting a racial basis for the alleged thefts. Plaintiff has failed to state a claim under § 1985(3).

C. <u>42 U.S.C. § 1988</u>

Title 42 section 1988 generally provides for an award of attorney fees in certain civil rights actions. As Plaintiff has failed to state a claim under either § 1983 or § 1985(3), he has failed to establish any entitlement to attorney fees.

V. <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.[2] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

will grant Plaintiff leave to move to re-open and to file an amended complaint.[3]

An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: October 28, 2011

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

11